THE FIRE DEPARTMENT OF THE CITY OF NEW YORK *v.* GILMOUR.

(New York Common Pleas—General Term, June, 1893.)

Opportunity to appear and defend is indispensable to a legal conviction of an offense.

A determination by the fire department of the city of New York, upon the unsworn statement of a subaltern, without opportunity of appearance or defense by the accused party, that he has committed an offense under chapter 463 of the Consolidation Act, is not conclusive of his guilt.

In defense of an action to recover the penalty imposed by the statute, the party has a right to contest and disprove the allegation in the complaint that he has violated the statute.

APPEAL from judgment of District Court. The opinion states the case.

*Hector M. Hitchings*, for defendant (appellant).

*William L. Findley*, for plaintiff (respondent).

PRYOR, J. By section 463 of the Consolidation Act, it is provided that " the commissioners " (of the fire department) " and their officers and agents, under the direction of said commissioners, or either of them, are hereby empowered to enter into and examine all * * * places where any merchandise * * * boards * * * or other combustible materials may be lodged, * * * and upon finding that any of them are defective or dangerous * * * may deliver a written or printed notice * * * to remove, amend or secure the same. * * * And in case of neglect or refusal, * * * so to remove, amend or secure the same, * * * the party offending shall forfeit and pay * * * the sum of twenty-five dollars and the further sum of five dollars for every day's neglect to remove, amend or secure the same after being so notified."

In apparent pursuance of this statute, an officer of the bureau of combustibles, under instructions from the fire department, inspected defendant's premises, and reported that he there found " packing boxes or cases of wood stored and kept in such quantity as to be dangerous in causing or promoting fires." Thereupon the department passed the following order: " You are hereby notified that there exists a violation of chapter 410 of the Laws of 1882, at the premises 87 White Street in the city of New York, in that on or about the 16th day of May, 1892, and at the present time, combustible material consisting of packing boxes or cases of wood were and are kept and stored in an open lot or place at said premises, in such quantity as to be dangerous, and the same is considered dangerous in causing or promoting fires and prejudicial to the safety of life and property, and is in its present condition a violation of law. You are, therefore, directed and required to remove the said violation within five days from the service of this notice, by surrounding said lot or open space on all sides by a wall of brick or stone or other fireproof

material, to be approved by the superintendent of buildings, not to exceed eighteen feet in height above the curb, and said packing boxes or cases of wood must not be piled or stored to a height greater than twelve inches less than the height of said wall or fence to be erected as aforesaid."

On defendant's refusal, after due service of the order, to comply with its requisition, this action was brought, and judgment has gone against him for the penalty prescribed in the statute.

For affirmative defense, the appellant alleged that his business and premises were not obnoxious to the provisions of the statute, and, in support of the plea, tendered proof that the "premises" and "material" were not in fact defective or dangerous "upon a reasonable construction of the statute." The evidence was excluded, the court holding, in effect, that it had no jurisdiction to pass upon the reasonableness of the order of the fire department, and that the only question within its province to determine was whether the defendant had refused obedience to the order. An exception to the ruling duly challenges its correctness.

That the evidence was competent and its rejection error is settled by the decision of the Court of Appeals in *Mayor, etc.,* v. *Dry Dock, etc., R. Co.,* 133 N. Y. 104, 112.

Upon principle, the point is clear beyond controversy. That upon the arbitrary fiat of a municipal board, acting upon nothing of legal evidence, a citizen may be punished for an offense against which, at no stage of the proceeding, he is afforded an opportunity to appear or make defense, is a proposition so repugnant to the principles of free government, and to the prohibition of our own state and federal Constitutions against a deprivation of property without due process of law, as to absolve us from the obligation of any other reply than a categorical denial. *Health Department, etc.,* v. *Rector, etc., of Trinity Church,* 43 N. Y. St. Repr. 142. Argument to support an axiom involves the concession that it is open to question, and the principle impugned by the judgment below is too precious to be exposed to an implication of infirmity.

*Hector M. Hitchings*, for defendant (appellant).

*William L. Findley*, for plaintiff (respondent).

PRYOR, J. By section 463 of the Consolidation Act, it is provided that " the commissioners " (of the fire department) " and their officers and agents, under the direction of said commissioners, or either of them, are hereby empowered to enter into and examine all  *  *  *  places where any merchandise  *  *  *  boards  *  *  *  or other combustible materials may be lodged,  *  *  *  and upon finding that any of them are defective or dangerous  *  *  *  may deliver a written or printed notice  *  *  *  to remove, amend or secure the same.  *  *  *  And in case of neglect or refusal,  *  *  *  so to remove, amend or secure the same,  *  *  *  the party offending shall forfeit and pay  *  *  *  the sum of twenty-five dollars and the further sum of five dollars for every day's neglect to remove, amend or secure the same after being so notified."

In apparent pursuance of this statute, an officer of the bureau of combustibles, under instructions from the fire department, inspected defendant's premises, and reported that he there found "packing boxes or cases of wood stored and kept in such quantity as to be dangerous in causing or promoting fires." Thereupon the department passed the following order : " You are hereby notified that there exists a violation of chapter 410 of the Laws of 1882, at the premises 87 White street in the city of New York, in that on or about the 16th day of May, 1892, and at the present time, combustible material consisting of packing boxes or cases of wood were and are kept and stored in an open lot or place at said premises, in such quantity as to be dangerous, and the same is considered dangerous in causing or promoting fires and prejudicial to the safety of life and property, and is in its present condition a violation of law. You are, therefore, directed and required to remove the said violation within five days from the service of this notice, by surrounding said lot or open space on all sides by a wall of brick or stone or other fireproof

material, to be approved by the superintendent of buildings, not to exceed eighteen feet in height above the curb, and said packing boxes or cases of wood must not be piled or stored to a height greater than twelve inches less than the height of said wall or fence to be erected as aforesaid."

On defendant's refusal, after due service of the order, to comply with its requisition, this action was brought, and judgment has gone against him for the penalty prescribed in the statute.

For affirmative defense, the appellant alleged that his business and premises were not obnoxious to the provisions of the statute, and, in support of the plea, tendered proof that the "premises" and "material" were not in fact defective or dangerous "upon a reasonable construction of the statute." The evidence was excluded, the court holding, in effect, that it had no jurisdiction to pass upon the reasonableness of the order of the fire department, and that the only question within its province to determine was whether the defendant had refused obedience to the order. An exception to the ruling duly challenges its correctness.

That the evidence was competent and its rejection error is settled by the decision of the Court of Appeals in *Mayor, etc.,* v. *Dry Dock, etc., R. Co.,* 133 N. Y. 104, 112.

Upon principle, the point is clear beyond controversy. That upon the arbitrary fiat of a municipal board, acting upon nothing of legal evidence, a citizen may be punished for an offense against which, at no stage of the proceeding, he is afforded an opportunity to appear or make defense, is a proposition so repugnant to the principles of free government, and to the prohibition of our own state and federal Constitutions against a deprivation of property without due process of law, as to absolve us from the obligation of any other reply than a categorical denial. *Health Department, etc.,* v. *Rector, etc., of Trinity Church,* 43 N. Y. St. Repr. 142. Argument to support an axiom involves the concession that it is open to question, and the principle impugned by the judgment below is too precious to be exposed to an implication of infirmity.

The defendant had an inviolable right to show his innocence of the act against which the statute denounces the penalty, namely, the maintaining his premises in a defective or dangerous condition; but this right the court denied him, on the assumption that the *ex parte* declaration of the board upon the unsworn statement of a subaltern, was conclusive of his guilt. That such a conviction is not by "due process of law," neither argument nor authority is requisite to demonstrate.

Whether the statute upon which the fire department proceeded be constitutional, is a question which, though discussed by counsel, it is unnecessary to adjudicate.

Judgment reversed and new trial ordered, costs to abide event.

BISCHOFF and BOOKSTAVER, JJ., concur.

Judgment reversed and new trial ordered.